**Nettie Marie JONES,**
**Plaintiff–Appellant,**

v.

**Edwin H. WEIBRECHT, Jr.,**
**Defendant–Appellee.**

**Edwin H. WEIBRECHT, Jr.,**
**Plaintiff–Appellee,**

v.

**Nettie Marie JONES,**
**Defendant–Appellant.**

**Nos. 932, 933, Dockets 89–9079, 89–9081.**

United States Court of Appeals,
Second Circuit.

Argued March 5, 1990.

Decided April 11, 1990.

Michael J. Hutter, Albany, N.Y. (Henry Neal Conolly, Thuillez, Ford, Gold & Conolly, of counsel), for plaintiff-appellant.

J. Michael Naughton, Albany, N.Y. (Shanley, Sweeney & Reilly, Albany, N.Y., James M. Brooks, Brooks & Meyer, Lake Placid, N.Y., of counsel), for defendant-appellee.

Before TIMBERS, MESKILL and ALTIMARI, Circuit Judges.

PER CURIAM:

The issue on appeal is, in light of the Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), what standard governs the enforceability of contractual forum selection clauses in diversity cases. Appellant Jones appeals from two judgments entered in the United States District Court for the Northern District of New York, Munson, *J.*, dismissing Jones' complaint seeking recision of two agreements

between the parties and remanding to state court appellee Weibrecht's action seeking damages for breach of the same agreements. Because we conclude that the district court applied the appropriate standard derived from *THE BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), we affirm.

## BACKGROUND

These actions arise out of a dispute involving two agreements entered into by the parties on August 10, 1983. The two agreements were the product of a series of developments between the parties beginning with the 1977 sale by Jones to Weibrecht of the stock of Culspar, Inc. (Culspar) and followed by the alleged default by Weibrecht and his partner, Henry Gelles, on the promissory note executed as part of the Culspar transaction and the sale by Jones of her interests in Culspar's assets to third parties. The first agreement purports to be a release of Weibrecht by Jones of any liability resulting from the Culspar stock transaction. In the second agreement, Jones purportedly agreed to indemnify Weibrecht from any liability or claim in any action Jones had brought or would bring involving the Culspar sale. Both agreements contain identical forum selection clauses, designating the Supreme Court of New York, Essex County, as the exclusive venue for any action between the parties on the basis of the agreements.

On July 11, 1989, Jones commenced an action in the federal district court in the Northern District of New York against Weibrecht, seeking recision of the two agreements, a declaration that the indemnity agreement was void, and damages. In her complaint, Jones alleges that the agreements lack legally sufficient consideration, that Weibrecht failed to satisfy a condition subsequent and that the indemnity agreement was the product of fraud and compulsion.

Weibrecht then filed an action on July 25, 1989 in the Supreme Court of New York, Essex County, against Jones for breach of the two agreements. Weibrecht's complaint alleges that Jones violated the agreements by failing to pay and by causing him to incur legal fees in Jones' unsuccessful state action against him and Gelles for default on the promissory note. Jones removed Weibrecht's state action to federal court. Subject matter jurisdiction in both cases is premised on diversity of citizenship.

On Weibrecht's motions, the district court dismissed Jones' complaint for improper venue and remanded Weibrecht's action to state court, concluding that the agreements' forum selection clauses, which designated the state court in Essex County as the exclusive venue for litigation, were enforceable.

## DISCUSSION

The sole issue on appeal is what standard should govern contractual forum selection clauses in diversity cases. In *THE BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that a court sitting in admiralty should enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching. *Id.* at 15, 92 S.Ct. at 1916. This rule has been extended in this and other circuits to diversity and other non-admiralty cases. *E.g., Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (diversity); *Pelleport Investors Inc. v. Budco Quality Theatres Inc.*, 741 F.2d 273, 279 (9th Cir.1984) (diversity); *AVC Nederland B.V. v. Atrium Inv. Partnership*, 740 F.2d 148, 156 (2d Cir. 1984) (federal securities fraud); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp.*, 696 F.2d 315, 317–18 (4th Cir.1982) (diversity); *Bense v. Interstate Battery Sys. of America, Inc.*, 683 F.2d 718, 720–21 (2d Cir.1982) (federal antitrust). *But see General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356–57 (3d Cir.1986) (holding that state law applies to forum selection clauses in diversity cases).

Jones argues that the continued propriety of the *Bremen* rule in diversity cases

had been called into question by the Supreme Court's decision in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). As alternatives to the *Bremen* rule, Jones contends that either a broad discretionary standard under federal law similar to that set forth in *Stewart* or the standard provided by state law should control the enforceability of forum selection clauses in diversity cases.

In *Stewart*, the Supreme Court was presented with the question whether state or federal law controlled the resolution of a motion to transfer an action pursuant to 28 U.S.C. § 1404(a) to the venue provided in a contractual forum selection clause. The forum selection clause at issue provided that any action arising out of the parties' agreement would be brought in either state or federal court in Manhattan. 487 U.S. at 24 & n. 1, 108 S.Ct. at 2241 & n. 1. The Court held that federal law governed the disposition of a section 1404(a) motion. *Id.* at 32, 108 S.Ct. at 2245. Furthermore, it held that the presence of a forum selection clause was but one factor in the district court's consideration of fairness and convenience under section 1404(a). *Id.* at 31, 108 S.Ct. at 2244.

There is no basis, as Jones would have it, to import the discretionary federal standard of section 1404(a) discussed in *Stewart* to the instant cases. A motion to transfer an action to another federal district pursuant to section 1404(a) calls for an " 'individualized, case-by-case consideration of convenience and fairness.' " *Id.* at 29, 108 S.Ct. at 2243 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of a forum selection clause that purports to

preclude litigation from a venue other than a specific state court. Thus, the highly discretionary standard enunciated in *Stewart* is inapplicable to the enforceability of the forum selection clauses in the instant cases.

Jones alternatively contends that under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state law, rather than the federal rule in *Bremen*, should control. We find this argument unpersuasive. Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature. *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988); *see Stewart*, 487 U.S. at 32, 108 S.Ct. at 2245. Moreover, this and other circuits have continued to apply the *Bremen* standard, rather than state law, in diversity cases after *Stewart. Seward v. Devine*, 888 F.2d 957, 962 (2d Cir.1989) (applying *Bremen* without reference to *Stewart* ); *Manetti–Farrow*, 858 F.2d at 513. In short, we find nothing in *Stewart* or anywhere else that would compel us to reject the well established rule of this Circuit that *Bremen* applies with equal force in diversity cases.[1]

Jones concedes that she cannot make the showing required by *Bremen* to obstruct the enforcement of the forum selection clauses of the two agreements in issue. Having reaffirmed that *Bremen* controls, we conclude that the district court did not err in dismissing Jones' complaint and in remanding Weibrecht's action to state court.

## CONCLUSION

The judgments of the district court are affirmed.

---

1. In any event, it is not at all clear that New York law would compel a different result. Although it appears that New York law would afford courts a somewhat broader degree of discretion regarding the enforcement of forum selection clauses, *see, e.g., Rokeby–Johnson v. Kentucky Agricultural Energy Corp.*, 108 A.D.2d 336, 340–41, 489 N.Y.S.2d 69, 72–73 (1st Dep't

1985), the New York courts have on several occasions applied a similar if not identical standard and have cited *Bremen* favorably, *see, e.g., National Union Fire Ins. Co. v. Weir*, 131 A.D.2d 380, 381, 517 N.Y.S.2d 141, 142 (1st Dep't 1987) (holding that forum selection clause should be enforced absent showing of contrary policy, fraud or mistake).