**Tryonics, Inc. v. Hewlett-Packard     CV-95-161-B     04/23/96**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Tryonics, Inc.

    v.                                           Civil No. 95-CV-161-B

Hewlett-Packard Company


## MEMORANDUM AND ORDER

### I.  BACKGROUND

Tryonics, Inc., a New Hampshire corporation, remanufactures and sells computers and related equipment.  In August 1992, Tryonics entered into an "After Market Reseller Purchase Agreement" ("AMR Agreement") with Hewlett-Packard Company, a California corporation with places of business in Exeter, New Hampshire, and Chelmsford, Massachusetts. The AMR Agreement authorized Tryonics to bid for the right to purchase and resell certain Hewlett-Packard products.  Approximately one year later, Tryonics entered into a contract with Samsung Electronics which gave Tryonics the right to purchase, assemble, and resell a minimum of 500 Samsung computer work-stations per year.  Shortly thereafter, Hewlett-Packard terminated the AMR Agreement and allegedly caused Samsung to breach its contract with Tryonics.

Tryonics has sued Hewlett-Packard for intentional interference with contractual relations (Count I), breach of contract and of the implied covenant of good faith and fair dealing (Count II), violation of New Hampshire's law against unfair trade practices, N.H. Rev. Stat. Ann. § 358-A:2 (1995) (Count III), enhanced compensatory damages (Count IV), and violation of federal antitrust laws (Count V), 15 U.S.C.A. § 1 (West Supp. 1996) and 15 U.S.C.A. § 14 (West 1973). Hewlett-Packard moves to dismiss for lack of venue based on the AMR Agreement's forum selection clause, which states:

> This Agreement and any purchase orders issued hereunder will be governed by and construed in accordance with the law of the State of California, without reference to conflict of laws principles. The courts within the State of California shall have exclusive jurisdiction with respect to any dispute arising hereunder.

Because I conclude that the enforcement of the forum selection clause is governed by New Hampshire law, which would not recognize the clause, I deny the motion to dismiss.

## II.   DISCUSSION

Whether Tryonics will be permitted to litigate in New Hampshire even though the AMR Agreement contains an unambiguous forum selection clause specifying a California forum depends upon

2

the resolution of several subsidiary issues.  First, can a forum selection clause serve as the basis for a motion to dismiss for lack of venue pursuant to 28 U.S.C.A. § 1406(a) (West 1993), or is a forum selection clause merely one of several factors that a court should weigh when considering a motion to transfer to a more convenient forum pursuant to 28 U.S.C.A. § 1404(a) (West 1993).  Second, what standard of review governs a motion to dismiss or transfer based on a forum selection clause?  Finally, which jurisdiction's law determines whether the forum selection clause at issue in this case should be enforced?  I address each of these questions below.

A.    **Can a forum selection clause deprive a court of venue?**

Section 1406(a)[1] empowers a court to transfer or dismiss a case for lack of venue.  Section 1404(a)[2] applies where the court

---

[1]  28 U.S.C.A. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

[2]  28 U.S.C.A. § 1404 states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil motion to any other district or division where it might have been brought.

3

has venue, but a transfer to another district is warranted "in the interest of justice." Hewlett-Packard concedes that but for the AMR's forum selection clause, the court would have venue over Tryonics' contract claims under the general venue statute, 28 U.S.C.A. § 1391(a). Nevertheless, it argues that the claims should be dismissed or transferred pursuant to § 1406(a) because Tryonics waived its right to assert venue in any court other than a California court. Tryonics contends that the effect of the forum selection clause must be determined by a motion to transfer pursuant to § 1404(a) because the court has venue under the general venue statute. For the reasons that follow, I conclude that a forum selection clause can serve as the basis for a motion to dismiss or transfer for lack of venue pursuant to § 1406(a).

The Supreme Court appears to be of two minds as to whether a forum selection clause can deprive a court of venue. In <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22 (1988), the defendant relied on a forum selection clause in seeking either dismissal for improper venue pursuant to § 1406(a) or a transfer to what it contended was a more convenient forum pursuant to § 1404(a). The Supreme Court decided the case pursuant to § 1404(a) and disposed of the venue argument by observing in a footnote that "the parties do not dispute that the District Court

4

properly denied the motion to dismiss the case for improper venue under 28 U.S.C. § 1406(a) because respondent apparently does business in the district where the complaint was filed." Id. at 28 n.6. In contrast, in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), the court agreed that the district court had properly relied on a forum selection clause in granting defendant's summary judgement motion alleging lack of venue. Id. at 597.[3] Therefore, although the court has not addressed the issue directly, its precedents appear to conflict.

The First Circuit has also issued divergent opinions on the subject. In LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp., 739 F.2d 4, 7 (1st Cir. 1984), the court rejected the defendant's argument that a forum selection clause could deprive a court of venue. Id. at 7. Instead, the court held that a challenge based on a forum selection clause should be raised by a motion to dismiss for failure to state a claim. Id.; See also Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993) (following LFC Lessors, Inc.); but cf. Royal Bed & Spring Co. v.

_____

[3] The Supreme Court did not state expressly that summary judgement was appropriate because the district court lacked venue. However, the Court upheld the district court's decision, and the Ninth Circuit's opinion in the case notes that the district court based its decision on lack of venue. See Shute v. Carnival Cruise Lines, Inc., 897 F.2d 377, 388 n. 9 (9th Cir. 1990).

5

<u>Famossul Industria E Commercio De Moveis Ltda.</u>, 906 F.2d 45 (1st Cir. 1990) (applying <u>Stewart</u> to a claim based on common law forum non conveniens doctrine).  More recently, the court stated, without discussing <u>LFC Lessors</u>, that "venue provisions have long been subject to contractual waiver through a valid forum selection agreement."  <u>United States v. G & C Enterprises, Inc.</u>, 62 F.3d 35, 36 (1st Cir. 1995).  This most recent tack appears to follow the conclusion reached by other circuits which recognize that a forum selection clause may provide the basis for dismissal for lack of venue.  <u>See</u> <u>Paper Express Ltd. v. Pfankuch Maschinen GmBH</u>, 972 F.2d 753, 754 (7th Cir. 1992); <u>Riley v. Kingsbury Underwriting Agencies, Ltd.</u>, 969 F.2d 953, 956 (10th Cir.), <u>cert. denied</u>, 506 U.S. 1021 (1992); <u>Jones v. Weibrecht</u>, 901 F.2d 17, 19 (2nd Cir. 1990) (per curiam).  I am unable to reconcile <u>Stewart</u> and <u>LFC Lessors</u> with <u>Carnival Cruise Lines</u> and <u>G & C Enterprises</u>.  Accordingly, I apply the more recent precedents and treat Hewlett-Packard's motion as a motion to dismiss or to transfer for lack of venue.[4]

---

[4]  Hewlett-Packard alternatively bases its motion to dismiss or transfer on Fed. R. Civ. P. 12(b)(6).  A somewhat different standard of review would be required if I analyzed Hewlett-Packard's motion under Rule 12(b)(6), <u>see</u> <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 16 (1st Cir. 1989), but in this case, the result would be the same.

**B.** <u>What standard of review governs a motion to dismiss or to transfer for lack of venue?</u>

The First Circuit has not specified the standard that a district court should use in resolving venue disputes. However, in the related context of a challenge to personal jurisdiction, the court has determined that the standard to be employed depends upon whether the court holds an evidentiary hearing. See <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671, 675-77 (1st Cir. 1992). If no hearing is held, the court makes only a <u>prima</u> <u>facie</u> determination of jurisdiction. <u>Id.</u> Accordingly, the court does not find facts but rather accepts the truth of the plaintiff's factual averments to the extent that they are supported by evidence of specific facts set forth in the record. <u>Id.</u> Since at least one other circuit requires district courts to use a similar standard in venue disputes, <u>see</u> <u>Home Ins. Co. v. Thomas Indus., Inc.</u>, 896 F.2d 1352, 1354-55 (11th Cir. 1990), and the parties have not drawn my attention to any precedents suggesting a different approach, I will determine the venue question under the <u>prima</u> <u>facie</u> standard outlined in <u>Boit</u>.

**C.** <u>Which jurisdiction's law should be used to determine the effect of the forum selection clause?</u>

The parties identify three jurisdictions whose law might be used to determine whether the forum selection clause should be

7

enforced: The law of the court in which the action was filed (federal law); the law of the forum specified in the contract (California law); and the law of the forum state (New Hampshire law). Federal common law provides that a forum selection clause should be enforced unless the party opposing enforcement can clearly show that the clause is a product of fraud, undue influence, or overwhelming bargaining power, enforcement would subvert a fundamental public policy of the forum, or "trial in the contractual forum [would] be so grievously difficult and inconvenient that the party opposing the contract forum [would] . . . be deprived of his day in court. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-14, 17 (1972).[5] California essentially

_____

[5] Because this case is similar to Stewart except for the fact that defendants did not move to dismiss or to transfer under § 1404 (a), there is some question as to whether I should apply Stewart or The Bremen. The Bremen is arguably distinguishable because it was a case in admiralty, and the Supreme Court stated that it was announcing "the correct doctrine to be followed by federal district courts sitting in admiralty," 407 U.S. at 10. Nevertheless, in Lambert, a diversity case decided after Stewart, the First Circuit applied The Bremen rather than Stewart to decide whether a forum selection clause would be enforceable if the question was governed by federal law. 983 F.2d at 1116. See also Weibrecht, 901 F.2d at 19 (explicitly rejecting argument that Stewart, not Bremen, applies when party challenging clause uses procedural means other than § 1404(a) in diversity case); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1218-19 (3d Cir. 1991), cert. denied, 502 U.S. 908 (1991) (applying The Bremen in a diversity case); Northwestern Nat. Ins. Co. v. Donovan, 916 F.2d 372, 375 (7th Cir. 1990) (holding that The Bremen, not Stewart, governs in diversity case not brought under § 1404). But see Jumara

8

follows the federal common law standard.  <u>See, e.g.</u>, <u>Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County</u>, 551 P.2d 1206, 1208 (Cal. 1976); <u>CQL Original Products, Inc. v. National Hockey League Player's Ass'n.</u>, 46 Cal. Rptr. 2d 412, 415 (Cal. Ct. App. 1995); <u>Cal-State Business Products and Services v. Rico</u>, 16 Cal. Rptr. 2d 417, 423 (Cal. Ct. App. 1993); <u>Lu v. Dryclean-U.S.A. of California, Inc.</u>, 14 Cal. Rptr. 2d 906, 907 (Cal. Ct. App. 1992).  However, New Hampshire has followed a somewhat different approach.  New Hampshire Revised Statutes Annotated § 508-A:3 (1983), which codifies the Uniform Model Choice of Forum Act, provides:

> **Action in Another Place by Agreement.**  If the parties have agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate, unless:
>
> I. The court is required by statute to entertain the action;
>
> II. The plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action;

---

v. State Farm Ins. Co, 55 F.3d 873, 977-879 (district court should have treated motion to dismiss based on forum selection clause as § 1404 motion and applied <u>Stewart</u>).  Therefore, I apply the standards set forth in <u>The Bremen</u> to decide whether the forum selection clause is enforceable under federal law.

9

III. The other state would be a substantially less convenient place for the trial of the action than this state;

IV. The agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; or

V. It would for some other reason be unfair or unreasonable to enforce the agreement.

The difference between the standard described in <u>The Bremen</u> and the New Hampshire standard is significant in this case because Tryonics' primary argument against enforcing the forum selection clause is that it would require the parties to litigate the contract claims in a substantially less convenient forum.[6] Tryonics has submitted evidence to support its claim that all of the potential witnesses reside in Maine, Massachusetts, or New

---

[6] Tryonics also argues that the forum selection clause is unenforceable because it is boilerplate language in a form contract that Hewlett-Packard refused to alter. Under the federal standard, the mere fact that the forum selection clause was not the subject of actual negotiation is not determinative. <u>Lambert</u>, 983 F.2d at 1119; <u>see also</u> <u>Carnival Cruise</u>, 499 U.S. at 593 (forum selection clause on back of cruise passengers tickets enforceable despite lack of negotiation). New Hampshire law similarly provides that unequal bargaining power will not allow a party to avoid the effect of a forum selection clause unless it amounts to "misrepresentation, duress, the abuse of economic power or other unconscionable means." N.H. Rev. Stat. Ann. § 508-A:3 IV. Tryonics does not allege that it was unaware of the forum selection clause or that the clause was the product of fraud. Nor does it offer evidence that Hewlett-Packard exploited its bargaining power to force Tryonics to sign an unconscionable contract. Accordingly, this argument is unavailing regardless of which jurisdiction's law applies.

10

Hampshire, and that all of the documents relevant to the AMR Agreement are located in New Hampshire or Massachusetts. Under the _prima_ _facie_ standard, I must accept the above facts as true. Although the court may have to apply California law to some of the plaintiff's claims, I conclude that California "would be a substantially less convenient place for the trial of the action than this state." This is sufficient to permit a reviewing court to disregard a forum selection clause under New Hampshire law. See N.H. Rev. Stat. Ann. § 508-A:3 III. However, because the alleged inconvenience is not so severe that it clearly would deprive the plaintiff of its "day in court," it would not justify a similar result under either federal or California law. See The Bremen, 407 U.S. at 17. Therefore, to decide whether to enforce the forum selection clause, I must resolve the choice of law issues the case presents. I begin by considering whether the issue is controlled by federal law.[7]

---

[7] This case was originally filed in state court, based entirely on state claims. It was later removed to this court under diversity jurisdiction. Tryonics then amended its complaint twice. In its last amended complaint, Tryonics alleged violations of federal antitrust laws for the first time. The court has federal question jurisdiction, not diversity jurisdiction, over plaintiff's federal antitrust claims. Accordingly, if the forum selection clause applied to the federal antitrust claim, the clause would be construed using federal law. Defendant, however, does not argue that the federal antitrust claims arose from the parties' contract or that the forum selection clause in the AMR Agreement should

11

### 1. Federal law or state law?

As the Supreme court explained in <u>Hanna v. Plumer</u>, 380 U.S. 460, 472-74 (1965), the test to be used in determining whether to apply federal or state law in diversity of citizenship cases depends upon whether the applicable federal law is embodied in a rule or statute.  If state law is in "direct collision" with a federal rule or statute in a diversity case, federal law will control unless the rule or statute is unconstitutional or, in the case of a rule, the rule is inconsistent with the Rules Enabling Act, 28 U.S.C.A. § 2072 (West 1994).  <u>Id.</u>  In all other cases, the choice of law problem is to be resolved by applying the "outcome determination test" announced in <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938) in light of the decision's "twin aims" of avoiding forum shopping and inequitable administration of the law.  <u>Hanna</u>, 380 U.S. at 468.

The Supreme Court in <u>Stewart</u> applied the first part of the <u>Hanna</u> test when considering whether to enforce a forum selection

---

apply to those claims.  Indeed, defendant states that "the antitrust claim . . . stems from [Hewlett-Packard's] alleged interference with the Samsung agreement," <u>Hewlett-Packard Company's Motion To Dismiss, Or, Alternatively, To Transfer</u>, 4 n.3, and concedes that the federal antitrust claims do not "involve the AMR Agreement." <u>See</u> <u>Hewlett-Packard Company's Reply To Tryonic's Inc.'s Opposition To Hewlett-Packard's Motion To Dismiss Or, Alternatively, To Transfer</u>, 6.  Therefore, the forum selection clause does not apply to the federal antitrust claims.

clause in connection with a motion to transfer pursuant to § 1404(a). Recognizing that Congress intended district courts to consider a variety of factors in determining whether to transfer a case pursuant to § 1404(a), including the presence or absence of a forum selection clause, the court concluded that when § 1404(a) is invoked, it controls the question of whether a forum selection clause should be enforced. 487 U.S. at 29-30. Since § 1404(a) was unquestionably constitutional, the court held that the effectiveness of the forum selection clause in that case was to be determined by using federal law. Id. at 32.

Because the Stewart majority concluded that the question before the court was controlled by a federal statute, it did not have to resolve the more complex question presented in this case: whether questions concerning a forum selection clause should be governed by federal common law when the issue is not covered by a federal statute. The First Circuit was also able to avoid this "daunting question" in Lambert, because the court determined that state and federal law did not in that case conflict. 983 F.2d 1116-17; but see Royal Bed, 906 F.2d at 51 (applying federal common law to determine the effect of a forum selection clause in ruling on a common law forum non conveniens motion).

13

Because the enforcement of the forum selection clause in this case is not controlled by a federal statute and the applicable state and federal laws conflict, I must decide whether state or federal law governs. The Second, Ninth, and Eleventh Circuits have held that the question is controlled by federal law. See Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988); Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1067-68 (11th Cir. 1987), aff'd on other grounds, 487 U.S. 22 (1988). But see Alexander Proudfoot Corp. World Headquarters v. Thayer, 877 F.2d 912, 919 (11th Cir. 1989) (whether clause conferring personal jurisdiction was enforceable was issue governed by state law). The Fifth Circuit held that the Bremen applied in a diversity case in which the forum selection clause designated a state court. See International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112, 115 (5th Cir. 1996). The Seventh Circuit has indicated support for federal law in dicta. Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 374 (7th Cir. 1990). The Third and Eighth circuits are somewhat conflicted, but lean towards applying federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) ("In federal court, the effect to be given a contractual forum selection

14

clause in diversity cases is determined by federal not state law." General Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356-57 (3d Cir. 1986)(holding that state law governed forum selection clause); Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1069 (8th Cir. 1986) (alternatively holding that federal law governs forum selection clauses); Farmland Indus. v. Frazier-Parrott Commodities, Inc., 806 F.2d 848, 852 (8th Cir. 1986) (retreating from Sun World, stating in dicta that district court should have given some weight to Missouri's policy against forum selection clauses); Modern Computer Systems v. Modern Banking Systems, 858 F.2d 1339, 1344 (8th Cir. 1988) (citing Farmland for proposition that forum selection clause should not be upheld if it is unfair or unreasonable). Finally, Justice Scalia, dissenting in Stewart, argued that, under Erie, state law should govern the enforcement of forum selection clauses in diversity cases. 487 U.S. at 38-41. Having reviewed these decisions as well as Justice Scalia's persuasive dissent in Stewart, see 487 U.S. at 33-41, I conclude that state law applies for the reasons set forth in Justice Scalia's dissent.

## 2. California law or New Hampshire law?

The AMR Agreement contains a choice of law clause specifying that disputes concerning the contract "will be governed and

construed in accordance with the laws of California . . . ."
Commentators disagree as to whether most courts would rely on a
choice of law clause to decide whether to enforce the contract's
forum selection clause. Compare Michael Gruson, Forum Selection
Cases in International and Interstate Commercial Agreements, 1982
U. Ill. L.Rev. 135, 156 n.28 ("most states determine the
enforceability of forum selection clauses under the law governing
the contract") with Linda Mullenix, Another Choice of Forum,
Another Choice of Law: Consensual Adjudicatory Procedure in
Federal Court, 57 Fordham L.Rev. 291, 347 (1988) ("when
confronted with a combined forum selection and choice of law
provision, most courts construe the forum selection clause
without reference to the choice of law provision"). In this
case, I must select the applicable law by using New Hampshire's
choice of law rules. See Klaxon Co. v. Stentor Electric Mfg.
Co., 313 U.S. 487, 496 (1941) (federal court must apply forum
state's choice of law principles in diversity cases); see also
Lambert, 983 F.2d at 1118-19 (Massachusetts choice of law rules
dictate the use of contract's choice of law clause in determining
whether to enforce forum selection clause).

New Hampshire courts will generally enforce a contract's
choice of law clause in resolving substantive legal questions if

the contract has any significant relationship to the chosen jurisdiction.  Kentucky Fried Chicken Corp. v. Collectramatic, Inc., 130 N.H. 680, 684 (1988); Ferrofluidics Corp. v. Advance Vacuum Components, Inc., 968 F.2d 1463, 1467 (1st Cir. 1992). However, the state's primary conflict of law rule is that it generally will apply its own law when resolving "procedural issues."  Keeton v. Hustler Magazine, Inc., 131 N.H. 6, 12 (1988).  See also Heney, 125 N.H. at 700 (enforcing choice of law clause designating Massachusetts law regarding enforcement of covenant not to compete, but applying New Hampshire law to determine standard of review).  Accordingly, I examine New Hampshire precedents to determine how the New Hampshire Supreme Court would characterize a dispute concerning a forum selection clause.

In Keeton, the court held that statutes of limitations are procedural and that New Hampshire's statute of limitations should govern a multi-state defamation claim filed in a New Hampshire court.  Id.  In reaching this conclusion, the court relied on its determination that statutes of limitations primarily serve the forum state's procedural interests in: (1) insuring that the forum court's docket is not burdened by stale claims; (2) "simplifying the judicial function" by avoiding the need to

17

interpret and apply various other states' procedural rules; and (3) equitably resolving disputes arising from activities within its borders.  Id. at 15-16.

Applying the court's reasoning in Keeton, I conclude that New Hampshire courts would also treat forum disputes as procedural issues.  First, since the New Hampshire Supreme court considers statutes of limitations to be procedural even though they frequently determine whether a claim may be maintained at all, the court is likely to consider questions concerning forum selection clauses to be procedural as well, since such questions can concern only where a claim may be litigated.  Second, the Second Restatement of Torts treats the general topic of venue as a matter of procedure rather than substance.  See Restatement of the Law (Second) Conflicts § 123 ("the local law of the forum determines which of its courts, if any, may entertain an action on a claim involving foreign elements"); Clark v. Clark, 398 S.E.2d 82, 89 (Va. App. 1990) ("questions [sic] of denying or restricting the venue of courts within a jurisdiction is procedural").  Third, New Hampshire has a strong interest in determining the circumstances under which its courts will be open to parties who have agreed to litigate their contract disputes in another forum.  Finally, New Hampshire has an explicitly

18

expressed interest in ensuring that its citizens not be forced by a forum selection clause to litigate in a substantially less convenient forum. Accordingly, I conclude that the New Hampshire Supreme Court would treat questions concerning forum selection clauses as procedural and, therefore, the court would use New Hampshire law in determining whether the clause should be enforced in this case.

### III. CONCLUSION

Applying New Hampshire law, I conclude that the forum selection clause in this case should not be enforced because it would result in the transfer of the case to a substantially less convenient forum. Since defendant offers no other justification for its motion to dismiss or transfer, the motion (document no. 16) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 23, 1996

cc:  Kevin Light, Esq.
     George Moore, Esq.
     Thomas Dwyer, Esq.