108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
BANQUE NATIONALE DE PARIS, Plaintiff-Appellee,
v.
Bahman BATMANGHELIDJ and Roshanak Batmanghelidj,
Defendants-Appellant.
 No. 96-7444.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 Kevin M. O'Donnell, Esq. McKinley, Schmidtlein, O'Donnell & Bornmann, P.L.C. Alexandria, Virginia, for appellant.
 Geoffrey Potter, Esq., Kramer, Levin, Naftalis & Frankel, New York, New York, for appellee.
 Present: WALKER, JR., McLAUGHLIN and WOOD JR.,* Circuit Judges,
 CHIN, J.
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York (Chin, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Defendants-appellants Bahman Batmanghelidj and Roshanak Batmanghelidj (together, "defendants") appeal from a memorandum opinion of the district court, dated March 29, 1996, (1) denying defendants' motion to dismiss based on lack of personal jurisdiction or, in the alternative, to transfer the proceeding to the United States District Court for the District of Columbia, and (2) granting plaintiff Banque Nationale de Paris' (the "Bank's") cross-motion for summary judgment. Defendants also appeal the district court's judgment, entered April 10, 1996, holding defendants jointly and severally liable to the Bank for the amount of $7,075,020.30. Defendants' principal argument is that the district court erred in construing the forum selection provision contained in the most recent agreement between the parties in conjunction with the forum selection clause contained in a prior agreement; defendants assert that the second agreement was intended to replace, rather than modify, the original agreement. We affirm.
 
 
 3
 On February 13, 1989, defendants executed a Revolving Credit Note ("Note") in the amount of $5 million dollars with the Bank's predecessor in interest, BAII Banking Corporation. The Note contained a forum selection clause which provided that "any legal action or proceeding arising out of or relating to this Note may be instituted in the courts of the State of New York or of the United States of America for the Southern District of New York." The Note also stated that "the terms and conditions of this Note and the rights and duties of the parties hereto shall be governed by ... the laws of the State of New York." On August 1, 1990, the parties executed an Amended and Restated Note ("First Amended Note"), which contained a forum selection clause and a choice of law clause identical to those set forth in the Note.
 
 
 4
 On February 15, 1991, defendants executed a Second Amended and Restated Note ("Second Amended Note"). This agreement contained a new forum selection clause which provided, inter alia, that:
 
 
 5
 Any legal action or proceeding arising out of or relating to this Note may be instituted in the courts of the District of Columbia or of the United States of America for the District of Columbia and Maker ... submit[s] to the jurisdiction of each such court in any action or proceeding; provided however, that the foregoing shall not limit Lender's rights to bring any legal action or proceeding in any other appropriate jurisdiction, in which event, at Lender's option, the laws of such jurisdiction or the District of Columbia shall apply.
 
 
 6
 Banque Nationale de Paris v. Batmanghelidj, No. 94 Civ. 7099, 1996 WL 143917, at * 1 (S.D.N.Y. Mar. 29, 1996) (emphasis added). And although the Second Amended Note states that it "amend[s] and completely restate[s]" the earlier agreement, it also states explicitly:
 
 
 7
 This Second Amended and Restated Note is not intended to be, nor should it be construed as, a novation of the existing loan evidenced by the ... Note and the First Amended and Restated Note, but rather is an extension, increase and modification of the existing loan.
 
 
 8
 Id. (emphasis added).
 
 
 9
 Although it is well settled that when parties enter into an agreement that expressly supersedes a prior agreement, the prior agreement shall be void, see Health-Chem Corp. v. Baker, 915 F.2d 805, 811 (2d Cir.1990), it is equally clear that when a new agreement merely modifies an earlier agreement, any provisions of the earlier agreement that are consistent with the modified version will survive. See Marine Transp. Lines, Inc. v. International Org. of Masters, Mates & Pilots, 878 F.2d 41, 46 (2d Cir.1989), cert. denied, 493 U.S. 1022 (1990); see generally 6 Arthur L. Corbin, Corbin on Contracts § 1293, at 198 (1962). In the present case, we agree with the district court that the Second Amended Note, by its clear terms, modified, rather than superseded, the terms of the Note. Accordingly, the two different forum selections clauses should be read together to the extent that they are compatible.
 
 
 10
 The two clauses are plainly compatible. The clause set forth in the Second Amended Note contains unambiguously permissive language, providing that a legal action may be instituted in the District of Columbia or "in any other appropriate jurisdiction"; such an appropriate jurisdiction would, of course, include the jurisdiction agreed to in the original note: New York. We thus conclude that defendants have submitted to the jurisdiction of the federal district courts of the Southern District of New York, and that the district court properly exercised personal jurisdiction over them in this action. See Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir.1990) (forum selection clauses enforceable unless enforcement would be unreasonable and unjust).
 
 
 11
 We have carefully considered defendants' other arguments, and find them to be without merit. Accordingly, for the reasons set forth above and in the district court's opinion, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Harlington Wood, Jr., of the United States Court of Appeals for the Seventh Circuit, sitting by designation