**VITRICON, INC. and Hanover Specialties, Plaintiffs,**

v.

**MIDWEST ELASTOMERS, INC., Defendant.**

**No. CV 01–00928.**

United States District Court, E.D. New York.

July 10, 2001.

Kushnick & Associates, P.C., By Lawrence A. Kushnick, Melville, NY, for Plaintiffs.

Conway, Farrell, Curtin & Kelly, P.C., By Gail M. Kelly, New York City, for Defendant Midwest Elastomers, Inc.

WEXLER, District Judge.

This is a breach of contract and breach of warranty action brought pursuant to this court's diversity jurisdiction. The parties hereto entered into contractual agreements pursuant to which defendant, Midwest Elastomers, Inc., ("Midwest" or "Defendant") an Ohio corporation, provided plaintiffs Vitricon, Inc., ("Vitricon") a Delaware corporation and Hanover Specialties, a New York corporation, (collectively "Plaintiffs") with rubber products. These products were used to manufacture and install rubberized floor surfaces at parks located in Tennessee, Arkansas, Missouri, New York and California.

Presently before the court is the question of the enforceability of a forum-selection clause, which requires that any dispute arising out of the parties' agreement be commenced in a federal or state court

in Ohio. Defendant seeks to dismiss the complaint for lack of personal jurisdiction pursuant to FRCP 12(b)(2) or the failure to state a claim upon which relief may be granted under FRCP 12(b)(6). Plaintiffs seek to retain the action in this court. For the reasons set forth below, motion is denied but the Court will exercise its discretion to transfer this matter to an appropriate forum.

## BACKGROUND

### I. Facts

In June of 2000, the parties entered into the first of a series of contractual agreements regarding the sale of rubber. On the back of the Midwest order forms, which served as the sales contract, was a list of terms and conditions of sale. Included was the following provision regarding disputes:

> Disputes: Any controversy arising in connection between Seller and Buyer shall be governed by the laws of the State of Ohio *and a state or federal court within Ohio shall have sole jurisdiction over any litigation* resulting therefrom.

(Terms and Conditions of Sale, par. 12) (emphasis added).

### II. Plaintiffs' Complaint

Plaintiffs allege that the rubber they purchased from Defendant was defective. Specifically, it is alleged that the rubber discolored when a substance used to prevent the rubber from clumping during shipping mixed with the rubber in its packaging. Plaintiffs seek damages for loss of profits stemming from the costs to repair the floor surfaces. They also seek damages, alleged to be attributable to the loss in their reputations.

### III. Defendant's Motion

Relying on the Terms and Conditions of Sale, as stated in each sales agreement entered into, Defendant seeks dismissal of Plaintiffs' complaint for lack of personal jurisdiction or for failure to state a claim. Plaintiffs argue that venue in the Eastern District of New York is proper and further, that the forum selection clause does not apply to the claims raised here. Plaintiffs further argue that the clause is and unenforceable because it is boilerplate language contained in a shipping invoice.

## DISCUSSION

### I. Legal Principles

It is well settled that forum selection clauses that have not been attained through fraud, overreaching or undue influence are fully enforceable. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir.1990). Such clauses control the venue of a controversy unless the moving party bears its heavy burden of showing that enforcement would be so inconvenient as to deprive him of his day in court and would offend public policy. *M/S Bremen*, 407 U.S. at 18, 92 S.Ct. 1907; *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir.1993). A forum selection clause stated in clear and unambiguous language, although in fine print, is considered reasonably communicated to the plaintiff in determining its enforceability. *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995). Where a company conducts business in many states, a non-negotiated forum selection clause included in a sales contract may be enforced even if it was not the subject of bargaining. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

## II. *Disposition of Motion—The Forum Selection Clause is Valid*

Applying the aforementioned principles, the court holds that the forum selection clause here is valid on its face.

■ In opposition to enforcement of the clause, Plaintiffs raise two arguments. First, Plaintiffs argue the clause cannot be enforced because it constitutes "boilerplate" language that was not subject to negotiation. Second, Plaintiffs argue, even if the clause is valid, it is too narrow to apply to the parties' present controversy. Neither claim has merit.

### A. *"Boilerplate" Language*

Courts have consistently rejected the argument that forum selection clauses contained in pre-printed contracts are unenforceable. *See Carnival Cruise Lines, Inc.,* 499 U.S. 585, 593–594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (rejecting the determination that a non-negotiated forum selection clause in a form contract is never enforceable merely because it is not the subject of bargaining); *see also Effron,* 67 F.3d at 9 (2d Cir.1995) (reasonably communicated forum selection clauses in form contracts do not violate notions of fundamental fairness). The terms and conditions of sale, in which the forum selection clause is found, were included on every invoice Vitricon received from Midwest. Each term and condition, including the dispute provision, was stated in clear and unambiguous language. The placement of the forum selection clause on the back of the invoice may not be construed as being hidden or buried as not to alert the seller to the guidelines of the sale. The forum selection clause is merely a term of the sale of goods, which Vitricon agreed to repeatedly through the numerous agreements it entered into with Midwest. Accordingly, the court must reject the argument that the clause is unenforceable merely because it is part of a pre-printed form.

### B. *Scope of the Clause*

■ Plaintiff's second assertion that the forum selection clause merely applies to the shipment of the goods itself and not to any dispute concerning a product defect, breach of contract or breach of warranty is also without support. In *Albany Ins. Co. v. Banco Mexicano, S.A.,* No. 98–9531, 1999 WL 533792 at *2 (2d Cir. July 2, 1999), the Second Circuit addressed a similar contention by plaintiff that a dispute concerning warehouse receipts was not governed by forum selection clauses contained in loan notes. The court found that since the warehouse receipts and the loan notes combined formed an integrated contract, the language of the clause applying to "any question [or matter] related to this instrument" unmistakably covered plaintiff's dispute. *Id.; See also M/S Bremen,* 407 U.S. 1, 20, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (court dismissed plaintiff's contention that the forum selection clause should not be interpreted as to apply to in rem actions).

Here, the language of the forum selection clause provides that it pertains to "any controversy arising in connection between Seller and Buyer." This language is plain and unambiguous and clearly applies to Plaintiffs' dispute concerning a manufacturing defect in the rubber. There is no reason to limit the clause to shipping disputes merely because it is printed on the sales invoice. If such limit was intended, appropriate language could have been chosen. It was not. Just as in *Albany* the sales invoice was a necessary component in the delivery of the rubber. Therefore, the shipping invoice cannot be viewed as a separate entity apart from the products being shipped.

### III. *Transfer or Dismissal Under 28 U.S.C. § 1406(a)*

In light of the fact that the forum selection clause is valid and should be enforced, it is apparent that venue is not proper in the Eastern District of New York. Although Vitricon contends that the case should be dismissed, the court has discretion to transfer this matter to any district in which it could have been brought. 28 U.S.C. § 1406(a); *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2nd Cir.1993) (district court may either dismiss or transfer the action to an appropriate court); *Blass v. Capital Intern. Security Group,* 2001 WL 301137 at *2 (E.D.N.Y. Mar.23, 2001). The decision made should facilitate the timeliest disposition of the case on its merits. *Cunningham v. Hinds,* 1999 WL 1129049 *2 (E.D.N.Y. Oct.4, 1999).

Upon consideration, in the interest of justice and for the timely disposition of the case, the court will exercise its discretion to transfer this matter. The parties are to report to the court within 20 days of the date of this order advising the court of the venue of the appropriate Ohio District Court to which this matter should be transferred.

### CONCLUSION

For the foregoing reasons, Defendant Midwest's motion to dismiss is denied. The forum selection clause is valid and should be enforced, thus establishing proper venue in an Ohio federal or state court. The parties are to advise the court as set forth herein. The Clerk of the Court is directed to terminate the motion to dismiss.

SO ORDERED.