**CARIBBEAN WHOLESALES AND SERVICE CORP.,**
Plaintiff–Appellant,

v.

**U.S. JVC CORP., Defendant–Appellee.**

**Docket No. 00–9383.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2001.

Present STRAUB and KATZMANN, Circuit Judges, CARMAN,* Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Caribbean Wholesales and Service Corporation ("Caribbean") appeals from a final judgment of the United States District Court for the Southern District of New York (Peter K. Leisure, *Judge*) granting Defendant–Appellee U.S. JVC Corporation's ("JVC") renewed motion for summary judgment and dismissing its complaint. Familiarity with the factual background of this case and the rulings of the District Court, *see Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 101 F.Supp.2d 236 (S.D.N.Y.2000); *Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 963 F.Supp. 1342 (S.D.N.Y.1997), is presumed.

On appeal, Caribbean argues (1) that the District Court exceeded its discretion in denying Caribbean's motion for retransfer of this action back to the United States District Court for the District of Puerto Rico, and (2) that the District Court committed reversible error in granting JVC's renewed summary judgment motion. We address each contention in turn.

I.  Denial of Caribbean's Retransfer Motion

In essence, Caribbean argues that the District Court exceeded its allowable discretion in applying the law of the case doctrine to the Puerto Rican District Court's transfer order when, in Caribbean's view, that order was clearly erroneous

Norman L. Faber, Esq., New York, NY, for plaintiff-appellant.

Richard S. Taffet, Thelen Reid & Priest, LLP; Veronica E. Rendon, Irena S. Brobston, of counsel, New York, NY, for defendant-appellee.

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

because it relied on the forum selection clause in the parties' agreement even though such clause would be declared null and void under Puerto Rican law, *see* P.R. Laws Ann. tit. 10, § 278b–2 ("any stipulation that obligates a dealer to ... litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be ... considered as violating ... public policy ... and is therefore null and void").

■ The doctrine of *forum non conveniens* in a diversity case (and, thus, the enforceability of a forum-selection clause), however, is an issue of federal procedural law, not of state substantive law. *See, e.g., Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Royal Bed & Spring Co. v. Famossul Industria*, 906 F.2d 45, 50 (1st Cir.1990); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (per curiam) ("Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature."). Therefore, under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, federal law, and not Puerto Rican law, controls the enforceability of a forum selection clause, and the weight, if any, to which it is entitled. The Supreme Court has clearly held that such clauses are enforceable and may be dispositive unless some compelling and countervailing reason regarding the agreement, such as fraud, undue influence or overwhelming bargaining power, or factor in the balancing the district court must undertake under 28 U.S.C. § 1404(a) is presented. *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), *as limited by Stewart Org.*, 487 U.S. at 29 ("[A] forum selection clause [is] ... a significant factor that figures centrally" in a district court's determination of whether to transfer or retransfer a case). We find that the District Court did not exceed its

allowable discretion in denying Caribbean's motion to retransfer the case in light of the parties' express preference for New York as a forum and Caribbean's failure to overcome the presumption in favor of enforcing the forum selection clause.

## II. Grant of Renewed Summary Judgment Motion

■ The District Court did not exceed its discretion in reconsidering its earlier summary judgment ruling in light of the three new opinions, two by the District Court of Puerto Rico, and one by the First Circuit, that directly implicated Caribbean's remaining claim. These decisions, especially *Caribe Indus. Sys., Inc. v. Nat'l Starch & Chem. Co.*, 36 F.Supp.2d 448 (D.P.R.1999) and *Caribe Indus. Sys., Inc. v. Nat'l Starch & Chem. Co.*, 212 F.3d 26 (1st Cir.2000), squarely addressed the viability of a claim brought pursuant to Puerto Rico's Law 75 alleging that a foreign supplier, such as JVC, which contracted for a non-exclusive wholesale distribution relationship with a Puerto Rican distributor, such as Caribbean, violated Law 75 by directly selling its product to a former client of that distributor. Although these decisions were not authored by courts of the Commonwealth of Puerto Rico, the District Court properly deferred to them. We have observed that "a court of appeals should give considerable weight to state law rulings made by district judges, within the circuit, who possess familiarity with the law of the state in which their district is located." *Factors Etc., Inv. v. Pro Arts, Inc.*, 652 F.2d 278, 281 (2d Cir.1981) (holding that a federal circuit court should defer to opinion of a pertinent sister circuit on state law on a question of first impression unless that circuit court "has disregarded clear signals emanating from the state's highest court pointing toward a different rule"). Moreover, the First Circuit has acknowledged the prudence of deferring to the expertise of the District Court of Puer-

to Rico on issues of Puerto Rican law, given the uniqueness of Puerto Rican law. *See Oliveras–Salas v. Puerto Rico Highway Auth.*, 884 F.2d 1532, 1534–35 (1st Cir.1989). Because these decisions were issued after the District Court's original ruling on JVC's summary judgment motion and because they clearly reflect new developments in the Puerto Rican law that was directly at issue, the District Court did not exceed its allowable discretion in considering JVC's renewed motion. *See Warner Bros. v. American Broadcasting Cos.*, 720 F.2d 231, 245–46 (2d Cir.1983) (noting that the district court has discretion to reconsider a denial of summary judgment regardless whether the motion is renewed); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.), *reh'g denied*, 920 F.2d 259 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (*en banc*) (noting that "a new decision clarifying the applicable substantive law may justify reexamining a denial of summary judgment"); *cf. Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (holding that a motion for reconsideration will be denied unless a party can point to controlling decisions that "might reasonably be expected to alter the conclusion reached by the court").

As to the merits of the District Court's granting JVC's renewed motion for summary judgment, we affirm for substantially the reasons stated in the District Court's opinion and order, *see* 101 F.Supp.2d 236.

## CONCLUSION

For the reasons provided above, the judgment of the District Court is AFFIRMED.