JON 0. NEWMAN, Circuit Judge,
concurring:
I concur in Judge Droney’s opinion applying English law to the interpretation of a forum selection clause because the parties’ agreement includes a choice-of-law provision directing us to English law. I write these additional words in the hope of providing some clarification to an area of law in which some of our prior opinions might be misunderstood.
It is now generally agreed that “[t]he parties’ agreement as to the place of the action will be given effect unless it is unfair or unreasonable.” Restatement (Second) of Conflicts § 80 (1988 revision). “The Bremen [v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972),] and Scherk [v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974),] establish a strong presumption in favor of freely negotiated choice-of-forum provisions.” Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Occasionally, as in the pending case, consideration must be given as to which jurisdiction’s law governs the interpretation of a forum selection clause. Where a federal court’s jurisdiction is based on diversity of citizenship, the Supreme Court has instructed, applying Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), that the federal court must apply the forum state’s conflict of laws rule and apply the substantive law of the state to which the forum state would look. See Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). But in Klaxon the parties had not included a choice-of-law clause in their agreement, and the Supreme Court had no occasion to consider whether such a clause would alter the Klaxon rule.
*231 The language in the prior opinions of this Court has not always been consistent. In AVC Nederland B.V. v. Atrium Investment Partnership, 740 F.2d 148, 155 (2d Cir.1984), we said that “the interpretation of a forum-selection and choice-of-law clause [specifying Dutch law] in a contract executed in the Netherlands among Dutch national and a Georgia partnership composed of Dutchmen will require the application of Dutch law to words in the Dutch language.... ”
In Boutari and Son v. Attiki Importers, 22 F.3d 51, 53 (2d Cir.1994), we ruled that a forum selection clause that only “conferred” jurisdiction on a foreign forum, rather than “required” such jurisdiction, was ineffective to deny venue to the local federal forum. In making that ruling, we appeared to be applying a principle of federal procedural law to interpretation of the forum selection clause. Although the parties had included a choice-of-law clause specifying resort to the law of Greece, there is no indication in Boutari that either party urged application of Greek law to interpretation of the forum selection clause.
In Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir.2007), we said that the law specified in a choice-of-law clause should govern consideration of three of the four factors usually relevant to enforcement of a forum selection clause: whether the clause was reasonably communicated to the party resisting enforcement, whether the clause is mandatory or permissive, and whether the parties and claims are subject to the clause. See id. 494 F.3d at 383. However, we applied federal law to the question whether the clause is enforceable. See id. at 384.
In Roby v. Corporation of Lloyd’s, 996 F.2d 1353, 1359 (2d Cir.1993), we applied federal law to determine the scope of a forum selection clause despite a choice-of-law clause specifying English law, but examination of the briefs in that case reveals that neither party urged application of English law to interpretation of the forum selection clause.
An opinion issued last year contained the assertion that “federal law applies to the interpretation of forum selection clauses,” Magi XXI, Inc. v. Stato della Città del Vaticano, 714 F.3d 714, 721 (2d Cir.2013).[1] That statement was dictum, however, because, although there was a choice-of-law provision referring to Vatican law, neither party claimed that Vatican law should be applied to interpretation of the forum selection clause. Indeed, the Appellant explicitly informed our Court that:
the parties have not relied on Vatican law to interpret the relevant forum selection clauses. Therefore, the Court will apply federal law to interpret the forum selection clauses in the Master License Agreement and the sublicense agreements.
Magi, Brief for Appellant at 8 n.7.
Our Court’s decision in Bense v. Interstate Battery System of America, Inc., 683 F.2d 718 (2d Cir.1982), requires special consideration. The contract contained a forum selection clause specifying Dallas County, Texas, and a choice-of-law provision specifying Texas law. The Appellant contended that Texas law disfavors enforcement of forum-selection clauses and urged that the forum selection clause not *232 be enforced. We ruled that following the choice-of-law clause would render the forum selection clause meaningless, which could not have been the intention of the parties. See id. at 722. Sense is the rare, perhaps unique, case where adherence to the law specified in a choice-of-law clause would conflict with a forum-selection clause.[2]
The Third, Ninth, and Tenth Circuits have applied the law specified in a choice-of-law provision to interpret a forum selection clause. See General Engineering Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 358 (3d Cir.1986). Colonial Leasing Co. of New England, Inc. v. Pugh Brothers Garage, 735 F.2d 380, 382 (9th Cir.1984); Yavuz v. 61 MM, Ltd., 465 F.3d 418, 428-30 (10th Cir.2006). The Seventh Circuit has stated that “[simplicity argues for determining the validity and meaning of a forum selection clause ... according to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears,” Abbott Laboratories v. Takeda Pharmaceutical Co., 476 F.3d 421, 423 (7th Cir.2007), unless “that choice would impose significant costs on third parties or on the judicial system,” see id.
Some opinions from other circuits have stated that federal law applies to the interpretation of forum selection clauses, but nearly all such statements were made with respect to agreements that either had no choice-of-law clause, or, if the parties had included such a clause, neither party urged its application to interpretation of the forum selection clause. Among the decisions applying federal law to the interpretation of a forum selection clause in the absence of a choice-of-law provision are Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988), Karl Koch Erecting Co. v. New York Convention Center, 838 F.2d 656, 659-60 (2d Cir.1988), and Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066, 1067-71 (11th Cir.1987) (in banc), aff'd without consideration of this point, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir.1986), the contract contained a forum selection clause specifying a competent court of Germany and a choice-of law provision specifying German law. The Court, citing The Bremen, apparently applied federal law to enforce the forum selection clause and made no reference to the choice-of-law provision, perhaps because neither party urged its application.
The basic principle of freedom of contract permits the parties to specify via a choice-of-law clause which jurisdiction’s law should apply to the interpretation of their forum selection clause, unless, as the Seventh Circuit has suggested, “that choice would impose significant costs on third parties or on the judicial system.” Abbott Laboratories, 476 F.3d at 423.
In the pending case, the parties’ choice-of-law clause directs us to English law, they agree that English law should be applied in interpreting their forum selec *233 tion clause, and, quite properly, we have done so.

. For this statement, Magi cited Jones v. Weibrecht, 901 F.2d 17 (2d Cir.1990), a case in which the parties’ agreements included a forum selection clause but not a choice-of-law clause. In the absence of a choice-of-law clause, the issue was whether federal or state law should apply to interpret a choice of forum clause, and we applied federal law. See id. at 18-19.

. In one case, we said that Klaxon requires a court to look to the forum's choice-of-law rules and see if the state law thus selected would honor the parties’ choice of law. See Walter E. Heller & Co. v. Video Innovations, Inc. 730 F.2d 50, 52 (2d Cir.1984). Our Court cited Perrin v. Pearlstein, 314 F.2d 863 (2d Cir.1963), but there is nothing in that opinion to indicate that the parties had agreed to a choice-of-law clause; indeed, the alleged contract was oral. However, the state case cited in Walter E. Heller, Haag v. Barnes, 9 N.Y.2d 554, 216 N.Y.S.2d 65, 175 N.E.2d 441 (1961), does indicate that New York does not always honor the choice of law made by the parties, but looks to the law of the state which has the most significant contacts with the matter in dispute.