Andre AGAPOV, Plaintiff,

v.

Tamara NEGODAEVA, Board of Managers of 188 East 70th Street Condominium and John Does 1 through 5, representing parties whose identities are currently unknown to plaintiff and may be tenants or occupants of the premises involved in this action, Defendants.

No. 99 Civ. 5183(MBM).

United States District Court, S.D. New York.

April 19, 2000.

---

Roger J. Bernstein, New York City, for plaintiff.

Val Mandel, New York City, for defendant Tamara Negodaeva.

Nancy S. Pitkofsky, Wolf Haldenstein Adler Freeman & Herz LLP, New York City, for defendant Board of Managers of 188 East 70th Street Condominium.

## OPINION and ORDER

MUKASEY, District Judge.

On June 17, 1999, Andre Agapov, an alien and lawful permanent resident of the United States, domiciled in New York, initiated this conversion action in Supreme Court, New York County. Agapov named as defendants Tamara Negodaeva, an alien living in Moscow; the Board of Managers of 188 East 70th Street Condominium, the duly elected governing body of a condominium located in New York ("the Board"); and five John Does, each of whom may be tenants or occupants of the condominium.

On July 16, 1999, Negodaeva filed a notice of removal pursuant to 28 U.S.C. ·§ 1441 (1994). Agapov now moves to remand this action to state court, and for attorney's fees. For the reasons stated below, Agapov's motion is granted as to his request for a remand, and is denied as to his request for attorney's fees.

## I.

[1] When a defendant seeks to remove an action from state court to federal court, she bears the burden of proving that federal subject matter jurisdiction exists. *See Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1421 (2d Cir.1997). Negodaeva argues that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (1994). (Notice of Removal ¶ 6) Pursuant to § 1332, the federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the action is between

. . .

(2) citizens of a State and citizens or subjects of a foreign state; [or]

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . .

Under the 1988 amendments to § 1332, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." ("the deeming provision")

Negodaeva argues that § 1332(a)(2) jurisdiction exists because she is a "citizen . . . of a foreign state," and Agapov, as an alien who is a lawful permanent resident of New York, must be "deemed a citizen of [New York]." (Def. Mem. Opp'n at 1) In response, Agapov argues that the deeming provision may not be applied to this case because to do so would violate the Constitution and frustrate Congress's intent in passing the 1988 amendments.

However, Agapov's constitutional and statutory arguments need not be reached here, because regardless of

whether the deeming provision applies to this case, § 1332 jurisdiction may not be exercised. If the deeming provision does not apply, as Agapov contends, this action is one in which an alien plaintiff (Agapov) is suing an alien defendant (Negodaeva) and a United States defendant (the Board).[1] Section 1332 does not confer jurisdiction over such an action. *See, e.g.,* 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.77 (3d ed.1999) (noting that when "an alien plaintiff sues an alien and a citizen of a state, there is no diversity jurisdiction") (collecting cases).

If the deeming provision does apply, as Negodaeva argues, then a New York plaintiff (Agapov) is suing an alien defendant (Negodaeva) and a United States defendant (the Board). In this situation, if the Board is a New York citizen, the complete diversity required by *Strawbridge v. Curtis,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), is lacking because Agapov and the Board are both New York citizens. Accordingly, § 1332 jurisdiction may be exercised only if the Board is not a New York citizen. As the party asserting federal jurisdiction, Negodaeva has the burden of so proving, and she has not carried it. Indeed, the only relevant information in the record is that the Board is the duly elected governing body of a building located in New York. (Compl. ¶ 3; Answer ¶ 2) If the Board is unincorporated, that it manages a New York building is not pertinent to the question of its state citizenship. *See United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994) ("the citizenship of an unincorporated association . . . is determined [for diversity purposes] by the citizenship of each of its members"). Alternatively, if the Board is incorporated, *see* N.Y. Real Property Law

§ 339–v(1)(a) (McKinney 1999) (stating that condominium management boards may incorporate), that it manages a New York building certainly does not suggest that the Board is *not* a New York citizen. Indeed, if anything, this fact suggests that the Board should be regarded as a New York citizen. *See generally* Moore et al., *supra,* at § 102.54[4] (noting that "a corporation that generally fashions its business policy and makes its management decisions in a single state is deemed to have its principal place of business in that state" and is thus a citizen of that state for diversity purposes) (collecting Second Circuit cases).

In sum, assuming that the deeming provision applies to this case, § 1332 jurisdiction may be exercised only if the Board is not a New York citizen, and Negodaeva has not carried her burden of proving that. Therefore, the court lacks subject matter jurisdiction over this action.[2]

In light of this conclusion, two matters warrant brief mention. First, the Board argues that personal jurisdiction may not be exercised over it because it was not properly served in the state action. (Answer at 2) However, because I have concluded that this court may not exercise subject matter jurisdiction over this case, I need not reach this argument. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 584–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (holding that consideration of jurisdictional issues need not be "sequenc[ed]," and that a federal court may therefore "choose among threshold grounds for denying audience to a case"); *see also Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 155 (2d Cir.1996) (noting that federal courts have discretion in choosing which jurisdictional issues to address first, but that the subject matter jurisdiction inquiry

---

**1.** The citizenship of the John Doe defendants is irrelevant. *See* 28 U.S.C. § 1441(a)(1994) ("For purposes of removal, . . . the citizenship of defendants sued under fictitious names shall be disregarded").

**2.** Even if the Board is not a New York citizen, it is possible that § 1332 jurisdiction may not be exercised over this case. *See* Moore et al., *supra,* at § 102.78[3][a]. However, because there is no evidence that the Board is not a New York citizen this possibility need not be considered here.

"customarily" precedes the personal jurisdiction inquiry, and that when the dispositive personal jurisdiction question is based on state law, "federalism concerns may tip the scales in favor of first deciding the question of subject-matter jurisdiction") (internal quotation marks and citations omitted).

Second, neither party has moved to dismiss the Board as a dispensible party pursuant to Fed.R.Civ.P. 21. Although Rule 21 permits a federal court to dismiss a party *sua sponte,* I decline to do so here.

## II.

█ Plaintiff has moved also for attorney's fees. A federal court has discretion to award attorney's fees if a case was improperly removed from state court. *See* 28 U.S.C. § 1447(c) (1994). However, there is no evidence that Negodaeva acted in bad faith in seeking removal, or that her removal application was frivolous or plainly unreasonable. Therefore, an award of attorney's fees is not warranted. *See, e.g., Clark v. Wey,* No. 92 Civ 9179(MBM), 1993 WL 313043, *3 (S.D.N.Y.1993).

\* \* \* \* \* \*

For the reasons state above, plaintiff's motion to remand this case to state court is granted, and his request for attorney's fees is denied.

SO ORDERED: