**KONINKLIJKE PHILIPS ELECTRONICS,**
Plaintiff,

v.

**DIGITAL WORKS, INC., Defendant.**

**No. 04 CIV. 9636(WCC).**

United States District Court,
S.D. New York.

Feb. 25, 2005.

Sullivan & Cromwell, LLP, New York City (Garrard R. Beeney, Maura Miller, Edward D. Johnson, Patricia Cyr, Of Counsel), for Plaintiff.

Mark A. Siesel, White Plains, NY, Law Offices of Richard McKnight, P.C., Las Vegas, NV (David Mincin, Of Counsel) Robert C. Isenberg, Esq., Malibu, CA, for Defendant.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This diversity action arises from a breach of contract dispute between plaintiff Koninklijke Philips Electronics N.V. ("Philips") and defendant Digital Works,

Inc. ("Digital Works").[1] The parties had entered into a Compact Disc ("CD") Patent License Agreement (the "Agreement"), under which Philips granted Digital Works a non-exclusive license to use Philips' patents in the manufacture of CDs. The Agreement contains a forum selection clause which provides that any dispute under the Agreement "shall be submitted to any state or federal courts in The State of New York," and also that Philips has "sole discretion [to] submit any such dispute . . . to any of the state or federal courts in the Territory having jurisdiction." Alleging breach of contractual obligations, plaintiff commenced the present lawsuit in New York State Court and defendant removed it to this Court. Plaintiff now seeks remand of the action to state court, while defendant moves for dismissal of plaintiff's claims on the basis of lack of personal jurisdiction and improper venue. For the reasons discussed hereinafter, defendant's motion to dismiss is denied and plaintiff's motion to remand is granted. Both parties' motions to strike are denied as moot.

## BACKGROUND

Philips, a Dutch corporation having an office and principal place of business in Eindhoven, The Netherlands, licenses rights under numerous patents to manufacture CDs in standard agreements with various companies. (Complt.¶¶ 2, 7.) In September 2002, Philips entered into the Agreement with Digital Works, a Nevada corporation with an office and principal place of business in Nevada.[2] (*Id.* ¶¶ 4, 8.)

The Agreement grants Digital Works "a non-exclusive, non-transferable license under the patents specified to manufacture, sell or otherwise dispose of CDs." (*Id.* ¶ 22.) In consideration for the rights granted, Digital Works "agreed to pay Philips royalties for all CDs manufactured, sold or otherwise disposed of by Digital Works in which a licensed patent is utilized." (*Id.* ¶ 23.) The Agreement also contains a forum selection clause which provides:

This Agreement shall be governed by and construed in accordance with the laws of The State of New York.

Any disputes between the parties hereto in connection with this Agreement (including any question regarding its existence, validity or termination) *shall be submitted to any state or federal courts in The State of New York,* provided always that, *in case Philips is the plaintiff, Philips may at its sole discretion submit any such dispute* either to the state or federal courts in the venue of Licensee's registered office, or *to any of the state or federal courts in the Territory having jurisdiction. Licensee hereby irrevocably waives any objection to the jurisdiction, process and venue of any such court and to the effectiveness, execution and enforcement of any order or judgment (including, but not limited to, a default judgment) of any such court in relation to this Agreement,* to the maximum extent permitted by the law of any jurisdiction, the laws of which might

---

**1.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(2).

**2.** However, it should be mentioned that defendant notes that "the defendant entity is not a party to the contract in question. The contract was executed by Digital Works, Inc., an Idaho corporation. The Idaho corporation was formally and properly dissolved and a new entity, Digital Works, Inc., a Nevada

corporation was subsequently formed." (Def. Mem. Opp. Mot. Remand at 7.) Nevertheless, the Idaho corporation, Digital Works, Inc., was defendant's predecessor in interest and there have been no supported allegations that defendant did not assume Digital Works, Inc.'s responsibilities and potential liability under the Agreement or that defendant was not bound by the Agreement.

be claimed to be applicable regarding the effectiveness, enforcement or execution of such order or judgment.

(Agreement, Pl. Mem. Opp. Mot. Dismiss, Ex. 1A ¶ 13.06 (emphasis added).) The Agreement also provides that Digital Works was required to send a copy of "[a]ny notice required under this Agreement" to "U.S. Philips Corporation; 580 White Plains Road; Tarrytown, New York 10591." (*Id.* ¶ 13.01.) In addition, plaintiff contends that Digital Works submitted Royalty Reporting Forms to Philips pursuant to the Agreement addressed to this New York location; however, defendant contests this point. (Pl. Mem. Opp. Mot. Dismiss at 3; Def. Mot. to Strike at 1–2.)

Philips alleges that Digital Works breached its obligations under the Agreement by, *inter alia*, failing to pay Philips royalties due. Consequently, Philips filed suit in the Supreme Court of the State of New York against Digital Works on November 5, 2004, seeking, *inter alia*, monetary damages to recover the amount due under the Agreement. (Pl. Mem. Opp. Mot. Dismiss at 3.) Philips maintains that the suit was filed in New York Supreme Court pursuant to the above-quoted forum selection clause in the Agreement. (*Id.*)

On December 8, 2004, Digital Works removed the action to this Court on the basis that this Court has subject matter jurisdiction because of the diversity of citizenship of the parties. (Notice of Removal.) Shortly thereafter, the present motions were filed by the respective parties.[3]

3. In addition, both parties filed motions to strike portions of the affidavits and declarations of opposing counsel which we will decide herein.

4. However, it should be noted that there is some doubt within the Second Circuit as to whether federal or state law should govern

## DISCUSSION

### I. *Validity of Forum Selection Clause*

■ The central question surrounding both parties' motions is whether the forum selection clause provided for in the Agreement is valid. When deciding diversity cases in federal court, the validity of a contractual forum selection clause is determined by federal, not state law. *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (noting that because "[q]uestions of . . . the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature," federal law applies in diversity cases).[4] In any case, forum selection clauses, such as the one found in the Agreement in question, are enforceable under both federal and New York law. *See Starad, Inc. v. Lawson Software, Inc.*, No. 04 Civ. 5554, 2004 WL 2093512, at *1 (S.D.N.Y. Sept.16, 2004) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

■ The Supreme Court, in *M/S Bremen*, held that a contractual forum selection clause should be enforced "unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones*, 901 F.2d at 18 (citing *M/S Bremen*, 407 U.S. at 15, 92 S.Ct. 1907). This rule has been followed in the Second Circuit and applied in diversity cases. *See generally id.* Furthermore, although, as compared to the federal courts, the New York state courts afford

the validity of forum selection clauses in diversity cases. *See, e.g., Licensed Practical Nurses, Technicians & Health Care Workers of New York, Inc. v. Ulysses Cruises*, 131 F.Supp.2d 393, 396–99 (S.D.N.Y.2000) (hereinafter *"Licensed Practical Nurses "*).

"a somewhat broader degree of discretion regarding the enforcement of forum selection clauses, *see, e.g., Rokeby–Johnson v. Kentucky Agricultural Energy Corp.*, 108 A.D.2d 336, 340–41, 489 N.Y.S.2d 69, 72–72 (1st Dep't 1985), the New York courts have on several occasions applied a similar if not identical standard" for determining the validity of forum selection clauses. *Jones,* 901 F.2d at 19 (citing *Nat'l Union Fire Ins. Co. v. Weir,* 131 A.D.2d 380, 381, 517 N.Y.S.2d 141, 142 (1st Dep't 1987) (acknowledging that "[i]n the absence of a showing of contrary public policy, or fraud, or mistake" a forum selection clause should be enforced)). Accordingly, the forum selection clause provided for in the Agreement in the present case will be enforced "unless there is a showing that enforcement would be unjust or unreasonable, or that the provision is invalid for some reason such as fraud or undue influence." *Mastec Latin America v. Inepar S/A Industrias E Construcoes,* No. 03 Civ. 9892, 2004 WL 1574732, at *3 (S.D.N.Y. July 13, 2004) (citing *M/S Bremen,* 407 U.S. at 1, 92 S.Ct. 1907; *New Moon Shipping Co. v. MAN B & W Diesel AG,* 121 F.3d 24, 29 (2d Cir.1997); *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir.1993)).

> The 'unreasonable' exception is construed narrowly, and renders a forum selection clause unenforceable in the following limited circumstances: (1) if [its] incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party 'will for all practical purposes be deprived of his day in court,' due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state.

*HNY Assocs., L.L.C. v. Summit Resort Properties, Inc.,* No. 01 Civ. 0428, 2001 WL 456250, at * 1–2 (S.D.N.Y. Apr. 30, 2001) (citing *Roby,* 996 F.2d at 1363).

■ Pursuant to the Agreement, defendant agreed to submit itself irrevocably to the jurisdiction of any New York state or federal court and waived its right to object to such venue. (Agreement, Pl. Mem. Opp. Mot. Dismiss, Ex. 1A ¶ 13.06.) "There exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions, and a litigant must make a strong showing to overcome this presumption." *Mastec Latin America,* 2004 WL 1574732, at *3 (citing *Mitsubishi Motor Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). It has been recognized that "[e]specially in the commercial context, a party can contractually agree to resolution of a dispute in a particular forum thereby waiving its right to assert a defense of lack of personal jurisdiction." *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

■ In the case at bar, defendant has failed to make any showing that enforcement of the forum selection clause would be unjust or unreasonable, or that the provision is invalid on the basis of fraud or undue influence. Defendant's principal argument in asserting that the clause is unreasonable is that New York lacks personal jurisdiction over defendant. However, New York does have personal jurisdiction over defendant provided that the forum selection clause is valid; thus, we are not convinced by defendant's argument. *See, e.g., Menorah Ins. Co. v. INX Reinsurance Corp.,* 72 F.3d 218, 222 n. 6 (1st Cir.1995) ("In the commercial context a forum selection clause ... confers personal jurisdiction on the courts of the chosen forum."). Furthermore, defendant fails to acknowledge the difference between a forum selection provision and a choice-of-law provi-

sion. The cases cited by defendant to support the notion that New York does not have personal jurisdiction involve choice-of-law provisions. While it is true that a choice-of-law provision is not, on its own, sufficient to convey personal jurisdiction over a defendant, the same cannot be said of a forum selection clause. *See ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 59 (S.D.N.Y.1999) (Conner, J.) ("[T]he courts have always been careful to contrast such [choice-of-law] provisions with forum-selection or consent to jurisdiction clauses.").

■ Furthermore, although defendant maintains that plaintiff had unequal bargaining power, this is not sufficient to render a forum selection clause unreasonable. *See HNY Assocs.*, 2001 WL 456250, at * 2. A forum selection clause incorporated in an Agreement between two sophisticated parties is not unreasonable simply because it was not a negotiated term. *See id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). "The law does not relieve a commercial entity of an obligation knowingly assumed simply because the complaining party lacked the bargaining leverage to avoid the unwanted contract term." *Id.* None of the recognized factors that render a forum selection clause unreasonable are applicable to the present case.

Accordingly, we conclude as a matter of law that the forum selection clause provided for in the Agreement is reasonable and should be enforced. Consequently, plain-

tiff was entitled, pursuant to the terms of the Agreement, to bring this action in any state or federal court within New York State. Although defendant maintains that New York does not have personal jurisdiction over it, defendant irrevocably waived its right to challenge personal jurisdiction and venue when it voluntarily consented and agreed to the forum selection clause provided for in the Agreement. *See, e.g., Licensed Practical Nurses*, 131 F.Supp.2d at 403, 410 (noting that "*in personam* jurisdiction may be based on consent" and that "the lack of *in personam* jurisdiction or of proper venue can be waived"); *Farrell Lines, Inc. v. Columbus Cello-Poly Corp.*, 32 F.Supp.2d 118, 127 (S.D.N.Y. 1997) ("An enforceable forum selection clause amounts to consent to personal jurisdiction.") (collecting cases); *cf. Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (acknowledging that venue like personal jurisdiction may be waived).

■ A valid forum selection clause establishes sufficient contacts with New York for purposes of jurisdiction and venue.[5] *See Farrell Lines, Inc.*, 32 F.Supp.2d at 127 (" 'It is well-settled that jurisdiction by consent satisfies constitutional principles of due process ....' ") (quotations omitted); *see also Licensed Practical Nurses*, 131 F.Supp.2d at 403 n. 12 ("*In personam* jurisdiction is primarily a matter of due process fairness to defendants, protecting them from suit in jurisdictions to which they lack connection. It can

---

**5.** Although both parties discuss at length whether New York has jurisdiction over defendant by way of New York's long-arm statute, we do not deem this analysis necessary because New York has jurisdiction on the basis of consent by defendant's being bound by the Agreement containing the forum selection clause. *See Walters v. Fullwood*, 675 F.Supp. 155, 158 (1987) (noting that where there is jurisdiction by consent by a particular defendant, there is no need to consider juris-

diction under New York's long-arm statute, N.Y. C.P.L.R. § 302, with respect to that defendant); *see also Contract Marine Carriers, Inc. v. Abbott Labs., Int'l*, No. 91 Civ. 1401, 1993 WL 106374, at * 4 (S.D.N.Y. Apr.6, 1993) ("Parties may consent to submit to jurisdiction of a court which would not otherwise have personal jurisdiction over them.") (citing *Biener v. Hystron Fibers, Inc.*, 78 A.D.2d 162, 167, 434 N.Y.S.2d 343 (1st Dep't 1980)).

hardly be unfair to subject a defendant to suit in a place where he has voluntarily agreed to have disputes resolved .... "); *Ultracashmere House, Ltd. v. Madison's of Columbus, Inc.*, 534 F.Supp. 542, 545 (S.D.N.Y.1982) ("In fact, the forum selection clause alone would constitute consent to personal jurisdiction."). Accordingly, defendant's motion to dismiss for lack of personal jurisdiction and improper venue is denied.

■ Because we conclude as a matter of law that the forum selection clause provided for in the Agreement is valid, we must now consider plaintiff's motion to remand. Plaintiff contends that defendant relinquished any right to removal when it entered into the Agreement granting Philips "sole discretion [to] submit any such dispute ... to any of the state or federal courts" having jurisdiction, and which further provided that Digital Works "irrevocably waives any objection to the jurisdiction, process and venue of such court." (Agreement, Pl. Mem. Opp. Mot. Dismiss, Ex. 1A ¶ 13.06.)[6] In determining the validity of a clause that purports to proscribe removal, the court in *General Phoenix Corp. v. Malyon*, 88 F.Supp. 502 (S.D.N.Y. 1949) concluded:

> Unquestionably, the privilege of removal may be waived. A waiver may occur in numerous ways such as a failure to make a timely application, answering in the State Court, or any other fashion indicating submission to jurisdiction. Of course, the waiver is always spelled out from occurrences after commencement of suit. Whether parties may stipulate in advance to restrict removal is highly doubtful, for such an understanding

would run counter to the settled idea that bargains limiting parties to particular tribunals are illegal. However, the clause in suit is not such a bargain. It merely restricts the defendant to the Court in which suit is first begun against it, be it Federal or State.

*General Phoenix Corp.*, 88 F.Supp. at 503 (citations omitted); *see also Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1074 (S.D.N.Y.1971) (acknowledging and quoting the above passage). The language of the forum selection clause provided for in the present Agreement, like the clause discussed in *General Phoenix*, gave Philips control over the choice of forum and constitutes an explicit waiver of Digital Works' right to object on the ground of personal jurisdiction. Thus, the forum selection clause requires remand of this action. *See, e.g., AGR Financial, L.L.C. v. Ready Staffing, Inc.*, 99 F.Supp.2d 399, 400 (S.D.N.Y.2000) (remanding action based on forum selection clause that provided, in relevant part, that any action with respect to the agreement at issue "may be brought in the courts of the State of New York in the City of New York or of the United States of America for the Southern District of New York, as AGR may elect" and defendant "consents to ... the jurisdiction of the aforesaid courts ...."); *Argonaut Partnership, L.P. v. Bankers Trustee Co. Ltd.*, No. 96 Civ.1970, 1997 WL 45521, at *13 (S.D.N.Y. Feb. 4, 1997) (finding forum selection clause with language that the action be brought in a forum "at the choice of the plaintiff" to be a mandatory forum selection clause that will be enforced and

---

**6.** It should also be noted that the Agreement explicitly states that "[a]ny dispute between the parties hereto in connection with this Agreement ... shall be submitted to any state or federal courts in The State of New York," in addition to providing plaintiff with sole

discretion to choose the forum. (*Id.*) Consequently, plaintiff was permitted to choose a New York state court as the proper forum to adjudicate this matter, and defendant submitted to personal jurisdiction there by way of the forum selection clause.

noting that "[i]f, once the plaintiff chooses a forum, the defendant could nevertheless force transfer of the suit to the other forum, the words 'at the choice of the plaintiff' would be superfluous").

Defendant surrendered its right to seek removal by acceptance of the forum selection clause provided for in the Agreement that afforded plaintiff the option of selecting the forum to litigate this dispute. Because plaintiff properly filed this action in New York state court, we grant plaintiff's motion to remand this litigation to the Supreme Court of the State of New York, County of Westchester.

■ In addition, plaintiff requests that defendant pay the costs and expenses incurred as a result of defendant's improper removal. Pursuant to 28 U.S.C. § 1447(c), an order remanding an action to state court may also require payment of costs and expenses, including attorneys' fees, incurred by plaintiff as a result of the removal. 28 U.S.C. § 1447(c). The rationale behind such an award is to deter improper removal. *Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.,* 183 F.3d 105, 109 (2d Cir.1999) (citations omitted). "The district court is vested with broad discretion in determining whether such an award is appropriate. A finding that defendant acted in bad faith in removing the action is not required in order to impose costs." *Mastec Latin America,* 2004 WL 1574732, at * 4 (citing *Morgan Guar. Trust Co. of New York v. Republic of Palau,* 971 F.2d 917, 923–24 (2d Cir.1992)). We must apply a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Morgan Guaranty Trust Co. of New York,* 971 F.2d at 924.

■ In the present case, the record fails to establish that defendant's removal of this action was "merely an attempt to abuse or harass plaintiff, or to force plain-

tiff to incur unnecessarily [sic] expenses." *Mastec Latin America,* 2004 WL 1574732, at * 4. In addition, defendant did have at least a colorable basis for removal, namely the argument that the forum selection clause is invalid and that New York does not have jurisdiction over defendant. We do not believe defendant's removal was frivolous or plainly unreasonable. *See Agapov v. Negodaeva,* 93 F.Supp.2d 481, 484 (S.D.N.Y.2000). Thus, we conclude that an award of costs and attorneys' fees is unwarranted.

### CONCLUSION

For all of the foregoing reasons, the motion of defendant Digital Works, Inc. to dismiss this action on the basis of lack of personal jurisdiction and improper venue is denied. The motion of plaintiff Koninklijke Philips Electronics N.V. to remand this case to New York State Court is granted; however, plaintiff's request for attorneys' fees and costs is denied. Additionally, both parties' motions to strike are denied as moot, as none of the statements that the parties seek to strike are relevant to the present decision. Accordingly, the Clerk of the Court is hereby directed to remand this action to the New York State Supreme Court, Westchester County.

SO ORDERED.