**WELLS FARGO CENTURY, INC., Plaintiff,**

v.

**Peter BROWN, Daniel Rubin, and Leonard Rubin, Defendants.**

No. 06 Civ. 8172(VM).

United States District Court, S.D. New York.

Feb. 21, 2007.

Bruce Mathew Sabados, Katten Muchin Rosenman, LLP, New York City, for Plaintiff.

Evan Scott Weintraub, David Yeger, William B. Wachtel, Wachtel & Masyr, LLP, New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Wells Fargo Century, Inc. ("Wells Fargo") commenced an action in the Supreme Court of the State of New York, New York County (the "State Court"), against Peter Brown ("Brown"), Daniel Rubin, and Leonard Rubin (the "Rubins") (collectively, the "Defendants").

Thereafter, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. In response, Wells Fargo filed the instant motion seeking to remand the action to the State Court. For the reasons stated below, Wells Fargo's remand motion is GRANTED.

## I. *BACKGROUND* [1]

On March 13, 2003, Wells Fargo entered into a Factoring Agreement with RBS Holdings, Inc. ("RBS"). On the same day, Defendants signed an Unlimited Personal Guaranty (the "Guaranty," attached as Ex. 1 to Stacey Aff. 1) for Wells Fargo. In the Guaranty, Defendants guaranteed the payment of RBS's obligations to Wells Fargo that are due under the Factoring Agreement. The Guaranty contains a forum selection clause which provides:

> THE UNDERSIGNED EXPRESSLY SUBMITS AND CONSENTS TO THE JURISDICTION OF THE SUPREME COURT OF THE STATE OF NEW YORK, IN THE COUNTY OF NEW YORK, WITH RESPECT TO ANY CLAIM OR DEMAND UPON THE UNDERSIGNED BASED UPON THIS INSTRUMENT OF GUARANTY OR ANY AMENDMENT OR SUPPLEMENT THERETO....

*Id.*

As of August 14, 2006, RBS allegedly owed Wells Fargo $3,769,752. Wells Fargo sent RBS and Defendants a letter, dated August 16, 2006, demanding that they pay this amount plus the accrued interest.

RBS and Defendants did not make the payment.

On August 24, 2006, Wells Fargo then commenced the instant action against Defendants in the State Court. Wells Fargo's attorney asked RBS's counsel, Cory Mitchell Gray ("Gray"), whether he could accept service for Defendants. Gray later confirmed that he was authorized to accept service for the Rubins and for Brown.

On October 5, 2006, Defendants filed a notice to remove the case to this Court. In response, Wells Fargo filed an opposing motion to remand the case to State Court.

## II. *DISCUSSION*

Wells Fargo argues that the present litigation should be remanded to the State Court. Defendants oppose this claim, contending that the language of the forum selection clause is permissive and does not prevent Defendants from removing the action to federal court. Wells Fargo contends that Defendants have waived their right to remove the case since the forum selection clause identifies a specific court as the exclusive venue for disputes. The Court agrees.

### A. *STANDARD OF REVIEW*

When adjudicating diversity cases, federal courts apply federal law to determine the enforceability of a contractual forum selection clause. *See Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (finding that since "[q]uestions of ... the enforcement of forum selection clauses are essentially procedural, rather than sub-

---

1. The factual recitation and contentions set forth below are drawn from Wells Fargo's Complaint, as well as from the Affidavit of Stephen A. Stacey in Support of Summary Judgment in Lieu of Complaint Pursuant to CPLR § 3213, dated Aug. 24, 2006 ("Stacey Aff. 1"), Wells Fargo's Notice of Motion for Summary Judgment in Lieu of Complaint, dated Aug. 24, 2006, Defendants' Notice of Removal, dated Oct. 5, 2006, the Affidavit of Stephen A Stacey, in Support of Motion to Remand, dated Oct. 30, 2006, Wells Fargo's Notice of Motion, dated Oct. 31, 2006 ("Pl.'s Mot. for Remand"), and the Affidavit of Bruce M. Sabados in Support of Plaintiff's Motion to Remand, dated Oct. 31, 2006.

stantive in nature," federal law applies in diversity cases). The initial step for assessing the enforceability of a forum selection clause is to determine whether the clause is mandatory or permissive. *See Bison Pulp & Paper Ltd. v. M/V Pergamos*, 1995 WL 880775, at *9 (S.D.N.Y. Nov.29, 1995). For this purpose, a court scrutinizes the wording of the parties' agreement, applying principles of contractual interpretation. *See Boutari v. Attiki Importers*, 22 F.3d 51, 53 (2d Cir.1994). In general, a clause is mandatory if its language indicates the parties' intent that only one forum could decide their disputes. *See Bison Pulp & Paper Ltd.*, 1995 WL 880775, at *10. A court will enforce a forum selection clause if it specifies the jurisdiction and venue with particularity by way of mandatory or exclusive language. *See id.*

■ "There exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions." *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F.Supp.2d 328, 332 (S.D.N.Y.2005) (*citing Mastec Latin America v. Inepar S/A Industrias E Construcoes*, 2004 WL 1574732, at *1–*2 (S.D.N.Y. July 13, 2004)). A party seeking to prevent the enforcement of a forum selection clause "bear[s] the heavy burden of making a 'strong showing' in order to overcome the presumption of validity." *Eslworldwide.com, Inc. v. Interland, Inc.*, 2006 WL 1716881, at *2 (S.D.N.Y. June 21, 2006). Such clauses should be enforced "unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones*, 901 F.2d at 18 (*citing M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). The Second Circuit has applied this rule in diversity cases. *See Koninklijke Philips Elecs.*, 358 F.Supp.2d at 331.

■ The "unreasonable" exception is interpreted narrowly. *Id.* at 332. It renders a forum selection clause unenforceable in the following circumstances: (1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party "will for all practical purposes be deprived of his day in court" due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state. *Id.* at 332 (*citing HNY Assocs., L.L.C. v. Summit Resort Props., Inc.*, 2001 WL 456250, at *1–*2 (S.D.N.Y. Apr.30, 2001)).

### B. *APPLICATION*

■ In the instant case, the Court finds that the forum selection clause in the Guaranty is mandatory rather than permissive because the clause plainly and explicitly provides for a single jurisdiction, the Supreme Court of the State of New York, New York County, and indicates that consent to this jurisdiction was given "expressly." (Pl.'s Mot. for Remand, Ex. 2 at 4.) Such an agreement by the parties is not general or broad enough to contemplate multiple venues. *See Boutari*, 22 F.3d at 53; *see also Citicorp Leasing, Inc. v. United Am. Funding, Inc.*, 2004 WL 102761, at *1 (S.D.N.Y. Jan.21, 2004) (providing an example of a permissive guaranty clause --- "[g]uarantor submits to the jurisdiction of the federal and state courts in New York State in any action or proceeding"). Instead, identification more narrowly drawn to refer to a specific court pursuant to a restrictive contractual agreement dictates where the matter may be settled. *See Korean Press Agency, Inc. v. Yonhap News Agency*, 421 F.Supp.2d 775, 777–79 (S.D.N.Y.2006); *see also Eklecco L.L.C. v. Rainforest Café, Inc.*, 2002 WL 1428924, at *2 (N.D.N.Y. June 12, 2002)

(holding that a lease provision declaring that disputes "shall be brought in the New York Supreme Court, Onondaga County" was mandatory).

It is true that the Guaranty does not include usage of the terms "shall" or "exclusive," language typically employed in mandatory forum selection clauses. *See Korean Press,* 421 F.Supp.2d at 779; *see also Karl Koch,* 838 F.2d at 659. However, the presence of these words, while important, cannot be dispositive, especially when coupled with clauses indicating non-exclusive jurisdiction. For example, this Court found that a clause stating that "the Supreme Court of the State of New York, within any county of the City of New York *shall* have jurisdiction of any dispute" was not mandatory and did not preclude removal. *First Nat. City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 186–87 (S.D.N.Y. 1975) (emphasis added); *see also Cronin v. Family Education Co.,* 105 F.Supp.2d 136, 138 (E.D.N.Y.2000) (finding that a clause providing that "the parties agree to the *exclusive* jurisdiction of the courts located in the City and State of New York" did not preclude removal). Thus, use of the word "shall" or "exclusive" in the forum selection clause is not determinative.

More important, after identification of a specific jurisdiction, is whether the accompanying language indicates an intent to exclude all other forums. *See John Boutari and Son v. Attiki Imps.,* 22 F.3d 51, 52 (2d Cir.1994). As noted above the parties "expressly submit[ted] and consent[ed]" to the jurisdiction of the Supreme Court of the State of New York. (Pl.'s Mot. For Remand, Ex. 2 at 4.) The clause further notes that this consent encompassed "any claim or demand" that might arise under the Guaranty. *Id.* The import of such wording precludes Defendants' efforts to remove this action to federal court.

Defendants have failed to make any showing that the enforcement of the forum selection clause would be unjust or unreasonable, or that the clause is invalid on the basis of fraud or undue influence. *See Jones,* 901 F.2d at 18. The Court, therefore, finds that the Defendants have not met their burden of demonstrating that this case presents the "exceptional" circumstances where the forum selection clause should not be enforced. Hence, the Court concludes that the forum selection clause is reasonable and should be enforced.

Since Defendants are precluded by the forum selection clause from removing the case from the State Court, the Court need not determine whether Defendants' Notice of Removal was timely. Accordingly, Wells Fargo's motion to remand is GRANTED.

### III.  *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Docket No. 3) of plaintiff WELLS FARGO CENTURY, INC. to remand this action to the Supreme Court of the State of New York, New York County is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**